09-2054-cv
Lavoie v. United States

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALFRED LAVOIE,

> *Plaintiff-Appellant,*

> -v.-                                                    No. 09-2054-cv

UNITED STATES OF AMERICA,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOHN R. WILLIAMS, New Haven, CT. |
| **FOR DEFENDANT-APPELLEE:** | DOUGLAS P. MORABITO, Assistant United States Attorney (Nora R. Dannehy, United States Attorney for the District of Connecticut, *on the brief*, William J. Nardini, Assistant United States Attorney, *of counsel*) Office of the United States Attorney for the District of Connecticut, CT. |

1

Appeal from an May 4, 2009 order of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Alfred Lavoie ("Lavoie") appeals from an order of the District Court granting summary judgment and dismissing Lavoie's claims of emotional distress against defendant-appellee United States of America in his action brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"). Lavoie alleged claims for intentional infliction of emotional distress and negligent infliction of emotional distress, arising from the delay of the United States in processing his application for benefits under Part B of the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA"), 42 U.S.C. § 7384 *et seq.* On appeal, Lavoie argues that the District Court erred in holding that the seven-year delay in processing his compensation claim could not, as a matter of law, constitute negligent or intentional infliction of emotional distress. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See, e.g., Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). No genuinely triable issue of fact exists when the moving party demonstrates, by pleadings and submitted evidence, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To prevail on a claim of <u>negligent</u> infliction of emotional distress under Connecticut law, which is applicable in this FTCA action, *see* 28 U.S.C. 2671 ("Actions brought under the [FTCA] are governed by substantive law of state in which alleged tort occurred . . . ."), a plaintiff must show: "(1) that the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." *Crocco v. Advance Stores Co.*, 421 F. Supp. 2d 485, 503 (D. Conn. 2006) (quoting *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003)). Lavoie has not met his burden in the instant case because there is no evidence that the government's conduct was unreasonable or that it created a risk of causing Lavoie emotional distress. The record shows that, although it took seven years for a recommendation on Lavoie's claim, the government's conduct during the claims-processing period was reasonable in light of the complexity and size of the EEOICPA system. The government reasonably prioritized claims for compensation, especially given its limited resources and the fact that the government has received over 27,6000 claims since October 2001. J.A. at 58. Furthermore, during the time Lavoie's claim was being processed, the government provided him with over 17 notices and updates regarding the status of his claim and providing information about the compensation program. *See, e.g.*, J.A. at 95-96, 209, 211-12, 214-20, 222-26, 231-32, 243-47, 249-53, 255-59, 261-65, 267-70, 272, 274-76, and 278-80. On this record, we cannot conclude that the government's conduct was extreme or outrageous or that it created an unreasonable risk of emotional distress.

Lavoie also contends that the government's conduct in processing his compensation claim could support a finding of liability for <u>reckless or intentional</u> infliction of emotional distress. Under Connecticut law, a plaintiff asserting a claim for intentional infliction of emotional distress must establish four elements: "(1) [the defendant] intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the [defendant's] conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the resulting emotional distress sustained by plaintiff was severe." *Appleton v. Bd. of Educ. of the Town of Stonington*, 254 Conn. 205, 210 (2000). To show extreme and outrageous conduct, a plaintiff must prove that defendant's conduct "go[es] beyond all possible bounds of decency, [is] regarded as atrocious, and [is] utterly intolerable in a civilized community." *Id.* It is clear from the record that the government's conduct in the instant case did not rise to the type required for a finding of liability under the Connecticut tort for reckless or intentional infliction of emotional distress.

We therefore conclude that the District Court did not err in awarding summary judgment to the United States.

## **<u>CONCLUSION</u>**

We have considered each of plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3